**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO.    22 CV 3669 |
| | ) | |
| CITY OF WILMINGTON, POLICE OFFICER | ) | |
| JURGENS, POLICE OFFICER CAMPOS, POLICE | ) | |
| OFFICER RUNIONS, and POLICE OFFICER BRIMER, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**COMPLAINT**

NOW COMES the Plaintiff, SCOTT ADAMS, by and through his attorney, BASILEIOS

J. FOUTRIS, and for his Complaint against the Defendants, CITY OF WILMINGTON, POLICE

OFFICER JURGENS, POLICE OFFICER CAMPOS, POLICE OFFICER RUNIONS, and

POLICE OFFICER BRIMER, states as follows:

**Nature of Action**

1.      This action is brought pursuant to the Laws of the United States Constitution,

through 42 U.S.C. §1983 and 42 U.S.C. §1988, to redress deprivations of the Civil Rights of the

Plaintiff by the Defendants in connection with an incident on August 2, 2021.

**Jurisdiction and Venue**

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28

U.S.C. §1367.

3.      At all relevant times, the Plaintiff was a resident of the State of Illinois in this

Judicial District.

4.      At all relevant times, the CITY OF WILMINGTON was a municipal corporation

located in the State of Illinois in this Judicial District. At all relevant times, the CITY OF

1

WILMINGTON was the employer of Defendants, POLICE OFFICER JURGENS, POLICE OFFICER CAMPOS, POLICE OFFICER RUNIONS, and POLICE OFFICER BRIMER. Defendants JURGENS, CAMPOS, RUNIONS and BRIMER were at all relevant times employed by Defendant CITY OF WILMINGTON as duly appointed POLICE OFFICERS acting within the course and scope of their employment and under color of law. The Defendants, JURGENS, CAMPOS, RUNIONS and BRIMER are being sued in their individual capacities with respect to the federal claims. The state claims against CITY OF WILMINGTON are being advanced both on a *respondeat superior* basis, as that Defendant is the employer of Defendants, POLICE OFFICER JURGENS, POLICE OFFICER CAMPOS, POLICE OFFICER RUNIONS, and POLICE OFFICER BRIMER, and pursuant to Illinois' indemnification statute.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

## Facts

6. On August 2, 2021, the Plaintiff was walking by himself near his home in Wilmington, IL. The Plaintiff was not violating any laws, rules, or ordinances. Additionally, at that time, there was no probable cause or reasonable suspicion to believe that the Plaintiff was violating any laws, rules, or ordinances.

7. At that time and location, Defendants JURGENS and CAMPOS approached the Plaintiff.

8. JURGENS began to issue commands to the Plaintiff at that time. The Plaintiff complied with the police commands.

2

9. JURGENS then threatened to tase the Plaintiff. At that time, the Plaintiff was visibly unarmed, was complying with all police orders and commands, and was not a threat to anyone.

10. JURGENS and CAMPOS then violently tackled the Plaintiff to the ground. At that time, the Plaintiff was visibly unarmed, was complying with all police orders and commands, and was not a threat to anyone. Both JURGENS and CAMPOS were present when the Plaintiff was violently tackled to the ground, and each of them had a reasonable opportunity to prevent and/or stop this from happening, but each of them failed and/or declined to do so.

11. When the Plaintiff was on the ground, JURGENS, CAMPOS, RUNIONS and BRIMER violently yanked the Plaintiff's arm, and/or were present and had a reasonable opportunity to prevent this from happening, with each of them declining to prevent and/or stop this from happening. At that time, the Plaintiff was visibly unarmed, was complying with all police orders and commands, and was not a threat to anyone.

12. Among other injuries, the Plaintiff suffered a severe elbow injury due to the Defendant Officers' above-referenced actions and/or omissions. The Plaintiff was subsequently transported to a local hospital to be treated for the physical injuries he sustained during this interaction; and he continued to receive medical treatment for the physical injuries he sustained for a long period of time afterwards. The Plaintiff was never charged or prosecuted with any crime as a result of his encounter with the Defendant Officers on that date.

13. The above-referenced actions were undertaken by the Defendant Officers without legal justification and without probable cause.

14. All of the Defendant Officers' above-referenced acts were intentional and/or willful and wanton and/or unreasonable.

## COUNT I - 42 U.S.C. §1983
### Excessive Force – Defendant Officers

15. The Plaintiff re-alleges Paragraphs 1 through 14, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 15.

16. As described above, JURGENS, CAMPOS, RUNIONS and BRIMER used excessive, unreasonable and unwarranted force against the Plaintiff.

17. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

18. The acts of the Defendant Officers were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

19. As a direct and proximate result of the acts of Defendant Officers, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, SCOTT ADAMS, prays for judgment in his favor and against the Defendants, POLICE OFFICER JURGENS, POLICE OFFICER CAMPOS, POLICE OFFICER RUNIONS, and POLICE OFFICER BRIMER, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT II - 42 U.S.C. §1983
### Failure to Intervene – Defendant Officers

20. The Plaintiff re-alleges Paragraphs 1 through 19, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 20.

21. As described above, the Plaintiff was subjected to unlawful excessive force. Each of the Defendant Officers was present when this happened, each of them had a reasonable opportunity to prevent or stop the harm and/or the unlawful behavior referenced above, and each of them declined and/or failed to do so.

22. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

23. The acts of the Defendant Officers were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

24. As a direct and proximate result of the acts of the Defendant Officers, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, SCOTT ADAMS, prays for judgment in his favor and against the Defendants, POLICE OFFICER JURGENS, POLICE OFFICER CAMPOS, POLICE OFFICER RUNIONS, and POLICE OFFICER BRIMER, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

**COUNT III – Illinois State Law**
*Respondeat Superior* **Battery – City of Wilmington**

25. The Plaintiff re-alleges Paragraphs 1 through 24, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 25.

26. As described above, Defendant, CITY OF WILMINGTON, by and through its employees, the Defendant Officers, who were acting in the course and scope of their employment, intended to cause, and did cause, harmful and/or offensive contact of the Plaintiff without legal justification and/or probable cause.

27. As a proximate result of the aforementioned intentional, harmful and/or offensive conduct of Defendant, CITY OF WILMINGTON, by and through its employees, the Defendant Officers, who were acting in the course and scope of their employment, the Plaintiff was injured; has endured and will in the future endure physical and emotional pain and suffering; has become disfigured and disabled; has suffered a loss of his normal life and/or disability; and has incurred and will in the future incur expenses for hospitalizations, medical care, rehabilitative care and other related medical costs.

28. The above-referenced misconduct was undertaken by the Defendant Officers under color of law and under the course and scope of their employment, and was undertaken intentionally. Pursuant to the doctrine of *respondeat superior*, as the employer of Defendant Officers, the CITY OF WILMINGTON is liable to the Plaintiff for the Defendant Officers', actions/interaction with the Plaintiff, as outlined above.

WHEREFORE, the Plaintiff, SCOTT ADAMS, prays for judgment in his favor and against the Defendant, CITY OF WILMINGTON, awarding compensatory damages and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

**Count IV - Illinois State Law**
**Indemnification - City of Wilmington**

29.     The Plaintiff re-alleges Paragraphs 1 through 28, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 29.

30.     At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

31.     At all relevant times the CITY OF WILMINGTON was the employer of the Defendant Officers.

WHEREFORE, the Plaintiff, SCOTT ADAMS, pursuant to 745 ILCS 10/9-102, demands judgment against Defendant, CITY OF WILMINGTON, in the amounts awarded to the Plaintiff against the Defendants, POLICE OFFICER JURGENS, POLICE OFFICER CAMPOS, POLICE OFFICER RUNIONS, and POLICE OFFICER BRIMER, and for whatever additional relief this Court deems just and appropriate.

**JURY DEMAND**

The Plaintiff demands a trial by jury on all Counts.

Respectfully Submitted by,

s/Basileios J. Foutris
BASILEIOS J. FOUTRIS
Attorney for Plaintiff
FOUTRIS LAW OFFICE, LTD.
53 W.  Jackson, Suite 252
Chicago, IL 60604
312-212-1200
bfoutris@foutrislaw.com

7